STEPHENSON, GUNTER, Associate Judge.
This is an Appeal from a Final Decree in a quiet title suit. R. Eugene Boyd and Friedel B. Roddey brought suit against Evans Properties, Inc., who counterclaimed on the basis of adverse possession with color of title. The Decree granted defendant’s requested relief and plaintiffs appeal.
Appellants’ claim is based on a deed dated the 28th day of September, 1942, from St. George’s Alexandrine Company, a corporation, to Jesse A. Boyd, the father of appellants, which deed contained the following description:
“ * * * All of Section 4 except deed to Joseph B. Bryant and except Wj/á of NW}4 of said Section 4 * * * Township 28 South, Range 16 East * *
This suit was filed the 24th day of September, 1956, in which appellants assert that the defendant, the owner of Wi/⅞ of NW}4 of said section, township and range, claim to own certain orange trees that encroached on appellants’ lands and prayed that plaintiffs’ title be quieted, that the common boundary between the parties be decreed and that the defendant be restrained from further trespassing.
Appellee’s claim is based on a deed dated the 31st doxy of August, 1937, by St. George’s Alexandrine Company a corporation, to Old South Fruit Company, defendant’s predecessor in title, which deed contained the following description:
“Grove No. 4, known as the Wall Place and further described as the W^/z of NWJ4 of Section 4, Township 28 South, Range 16 East, or the Government lots embraced within said lands * * * together with all citrus crops.”
Appellee, in its counter-claim, contended that the above description includes questioned lands and requested that its title to said lands be quieted.
The testimony in this cause was heard before the chancellor and in his Decree, he made the following findings:
“Both parties deraign their titles from a common grantor, the St. George’s Alexandrine Company, a New York Corporation. St. George’s Alexandrine Company, by a deed dated August 31, 1937, recorded in Deed Book 783, page 163, deeded numerous groves to the Old South Fruit Company, Inc., deeding grove No. 4, known as the Wall Place and further described as the Wi/z of the NWJ4 of Section 4, Township 28 South, Range 15 East. The testimony by the then President of the St. George’s Alexandrine Company and its attorney shows it meant to sell the whole grove to the lake edge and the old maps prepared by the company shows the lake as the eastern boundary of Grove No. 4. The price per acre was about $425.00 and it was clearly established by testimony that it was the intention of the St. George’s Alexandrine Company to deed to the lake shore. This was sufficient to establish color of title in the Grantee on August 31st, 1937. This same descrip *111 tion was used in the chain of title until the Sth day of December, 1951, in deed shown in deed book 1350, page 63, wherein it was described, West Half of Northwest Quarter of Section 4, Township 28 South, Range 16 East, less certain lands not involved in this suit. This was corrected by Quitclaim Deed after this suit was started, dated the 29th day of October, 1956, Instrument 333479A using the description of Grove No. 4, known as the Wall Place and further described as W}4’ of NW ¼, Section 4-28-16 or the Government lots embraced with said lands.
“On September 28, 1942, the St. George’s Alexandrine Company deeded Jesse A. Boyd all of Section four, except deed to Joseph B. Bryant and except West half (Wj4) of Northwest Quarter (NW}4) of said section. The testimony shows that Jesse Boyd during his lifetime disputed the ownership of the last three or four rows of trees next to the lake but that he never brought a quiet title law action to determine the ownership of the land involved in this lawsuit.
“The testimony shows that the Old South Fruit Company and the successors in title cared for and picked fruit until the present. The testimony further shows that taxes were paid from 1942 until 1957 by Jesse A. Boyd and his heirs. Florida Statute, Chapter 95.16, 95.17, 95.18 and 95.21, apply as to adverse possession and payment of taxes.”
The following is a tracing from one of the maps used by St. George’s Alexandrine Company, the common grantor, at the time of its conveyance to the appellee.

*112 Appellants’ Exhibit No. 3 purports to show the land as it actually existed at the time this suit was filed which is as follows:

Note: Survey symbols and other detailed data omitted — Parenthetical matter added by writer.
The chancellor held that the description:
“Grove No. 4, known as the Wall Place and further described as the Wi/¾ of NW54 of Section 4, Township 28 South, Range 16 East, or the Government lots embraced with said lands * * * together with all citrus crops located thereon”
constituted color of title so as to entitle appellee to urge adverse possession under color of title on its behalf.
It is clear from the testimony adduced before the chancellor that it was an accepted practice for persons and corporations to number groves and to refer to them by numbers and names. Further, from the testimony, it was clearly the intention of the St. George’s Alexandrine Company to convey to appellee’s predecessor in title all of its groves and grove land on the wester *113 ly side of Lake Butler, also known as Lake Tarpon. That appellee’s predecessor in title was buying citrus groves and citrus grove land where as appellants’ predecessor in title was buying only grazing land. Further, appellee’s predecessor in title was paying approximately $425 an acre for its lands whereas appellants’ predecessor in title was paying approximately $2.25 an acre for its lands.
Appellee and its predecessor in title took and held possession from 1937 to date, of all of the land westerly of Lake Tarpon (formerly Lake Butler) and lying in the Wi/⅞ of the Ej/⅞ of the NWJ4 of aforesaid Section 4 which constitutes the lands in question. Further, it believed that the true line extended to the western edge of aforesaid Lake Tarpon.
The testimony also warranted a finding by the chancellor that the former owners had established the westerly boundary of said Lake Tarpon as the boundary line, and further, that the appellants and their predecessors in title, by their acquiescence, are now estopped from asserting any claim of title to the lands involved in this litigation.
However, we are unable to find any evidence in the record which shows that the appellee claimed any title in the of the El/£ of the NWi/4 of said Section 4 other than the land lying westerly of said Lake Tarpon. Nor do we find in the record any contention on behalf of appellee that it owned any of the lands embraced in or covered by the waters of said Lake Tarpon.
Therefore, the Final Decree quieting title to the Wi/⅞ of the E'l^i of the NWi4> Section 4, Township 28 South, Range 16 East, Pinellas County, Florida, in Evans Properties, Inc., is reversed as it relates to any lands included in Lake Tarpon, formerly Lake Butler, and is affirmed as to that portion of said lands lying westerly of Lake Tarpon, formerly Lake Butler.
Affirmed in part and reversed in part.
KANNER, C. J., and ALLEN, J., concur.